**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X
                                                                                    CHAPTER 13

In Re:

TIMOTHY J. ANTHONY,                                      Case No.: 10-32335 (MBK)

                                     Debtor.
--------------------------------------------------------X

David E. Shaver, Esq.
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
Attorney for Creditor, Michel Parillo-Anthony

Robert Manchel, Esq.
Law Offices of Robert Manchel
Executive Center of Greentree
One Eves Drive, Suite 111
Marlton, New Jersey 08053
Attorney for Debtor, Timothy Anthony

Albert Russo, Esq.
1 AAA Drive, Suite 101
Robbinsville, New Jersey 08691
Standing Chapter 13 Trustee

**MICHAEL B. KAPLAN, U.S.B.J.**

**OPINION**

    **I.**      **Introduction**

This matter is before the Court by way of Timothy Anthony's (the "Debtor's") motion (the "Motion") to modify and reduce the proof of claim of his ex-wife, Michel Parillo-Anthony ("Creditor"). Creditor has filed a certification in opposition to Debtor's Motion. The principal issues before the Court are: (i) whether Debtor's obligation to pay certain condominium

fees is in the nature of a domestic support obligation for purposes of 11 U.S.C. § 507, and (ii) to what extent Creditor is entitled to post-petition interest on her claim for pre-petition domestic support obligations.

For the reasons set forth below, the Court finds that: (i) Debtor's obligation to pay condominium fees shall not constitute a domestic support obligation for purposes of priority under 11 U.S.C. § 507, and (ii) Creditor is entitled to post-petition interest accruing on her claim for pre-petition child support arrears, at the rate provided under the state court rules. Accordingly, Debtor's Motion is granted to the extent Debtor seeks to reclassify his obligation to pay condominium fees as a general unsecured claim.

## II.    Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(B), (I) and (L).  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.  The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[1]

## III.    Background

Debtor and Creditor were divorced by way of a Final Judgment of Divorce ("FJOD") entered on April 4, 2008 in the Ocean County Superior Court, Chancery Division, Family Part. See Debtor's Motion, Exhibit C, FJOD, Docket No. 51.  The FJOD requires Debtor to furnish Creditor, and their three children, with ongoing financial support, namely, weekly child support

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

and alimony, as well as reimbursement of daycare expenses and other childcare costs.[2]  Id. Additionally, the FJOD incorporates a Property Settlement Agreement, which provides that the Debtor would share in joint marital debts, including 50% for property taxes and condominium dues until such time as the marital home was sold, with Debtor being held solely responsible for any deficiency for condominium fees and/or unpaid taxes not referenced in the FJOD.  Id.

On July 21, 2010 (the "Petition Date"), Debtor filed a Chapter 13 bankruptcy petition and a proposed Chapter 13 plan.[3]  On April 5, 2011, Creditor filed an objection to the Plan and a concurrent proof of claim (the "Proof of Claim"), asserting $27,599.53 in priority claims for domestic support obligations, including unpaid alimony, child care costs, and condominium maintenance fees.  See Docket No. 47 and Claims Register No. 15-1.  On May 17, 2011, Debtor filed the instant Motion, seeking to reclassify said condominium maintenance fees as non-priority debts, and to reduce Creditor's claim to reflect total debts of $19,511.04.  See Docket No. 51.  On June 7, 2011, Creditor filed a certification in opposition to Debtor's Motion, asserting that the amounts contained in her Proof of Claim are accurate and properly classified, including the classification of condominium maintenance fees as a domestic support obligation, and requesting interest on all domestic support obligations.  See Docket No. 54.

---

[2] Specifically, the FJOD provides, in relevant part, for the following payments:

| | |
|---|---|
| Alimony | $200/wk |
| Child Support | $277/wk |
| Children's Daycare | $225/wk |
| Children's Extracurricular Activity Expenses | 60% |
| Children's Medical Expenses | 60% |

[3] On March 9, 2011, the Debtor filed his First Modified Plan (the "Plan").  See Docket No. 42.  A confirmation hearing on the Plan is currently scheduled for August 23, 2011.

**IV.** **Applicable Standards**

**A. Allowance of Claims or Interests**

Section 502 of the Bankruptcy Code governs the allowance of claims or interests in a bankruptcy case. See 11 U.S.C. § 502. Further, Bankruptcy Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. Pa. 1992) ("Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid"). However, as explained by courts in this Circuit, the validity of such claim may be rebutted:

> A properly filed proof of claim is deemed allowed unless a party in interest objects. In Re: Graboyes, 371 B. R. 113, 119 (E.D. Pa. 2007), citing 11 U.S.C. § 501. If an objection is filed to a proof of claim, the burden of proof may shift. In Re: Graboyes, 371 B.R. at 119, citing United States v. Baskin and Sears, P.C., 207 B. R. 84, 86 (E.D. Pa. 1997). The Court of Appeals has concisely summarized the shifting burden as follows: "[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence which, if believed, would refute one of the allegations that is essential to the claimant's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the Proof of Claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." In Re: Graboyes, 371 B. R. at 119 (E.D. Pa. 2007), citing, In Re: Allegheny Int'l, Inc., 954 F.2d 167, 173-4 (3d Cir. 1992) (citations omitted), In Re: Gimelson, 2004 U.S. Dist. LEXIS 23879, 2004 WL 2713059 at *13 (E.D. Pa. 2004), In Re: Galloway, 220 B.R. 236, 244 (Bankr. E.D. Pa. 1998).

In re Machne Menachem, Inc., 2011 U.S. Dist. LEXIS 18026, *2-4 (M.D. Pa. Feb. 18, 2011). Thus, as the objecting party, Debtor carries the burden to overcome the rebuttable presumption that Creditor has a valid claim. If Debtor produces sufficient evidence to overcome such burden,

then it is incumbent upon Creditor to prove the validity of her claim by a preponderance of the evidence.

### B. Priority Claims – Domestic Support Obligations

Section 507(a) of the Bankruptcy Code sets forth ten categories of expenses and claims that are entitled to priority payment in a bankruptcy case. See 11 U.S.C. § 507(a). Among the classifications under § 507, the Bankruptcy Code grants first priority to "domestic support obligations," which are not dischargeable in bankruptcy pursuant to § 523(a)(5). See 11 U.S.C. §§ 507(a)(1) and 523(a)(5). The term "domestic support obligation" is defined in 11 U.S.C. § 101(14A), which provides, in pertinent part, as follows:

> (14A) The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law . . . that is—
>
> (A) owed to or recoverable by--
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
>
> (i) a separation agreement, divorce decree, or property settlement agreement;
>
> (ii) an order of a court of record; or
>
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

>   (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A). Thus, the elements that must be satisfied for a domestic support obligation to arise are as follows: (i) the payee of the obligation must be either a governmental unit or a person with a particular relationship to the debtor or a child of the debtor; (ii) the nature of the obligation must be support; (iii) the source of the obligation must be an agreement, court order, or other determination; and (iv) the assignment status of the obligation must be consistent with paragraph (D). Id.; see also In re Vanhook, 426 B.R. 296, 300-301 (Bankr. N.D. Ill. 2010) (setting forth the elements for determining whether an obligation is a domestic support obligation).

Furthermore, the Court notes that the amendments incorporated into the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") of 2005 did not alter the standard for determining whether an obligation is in the nature of support. The court in Taylor v. Taylor (In re Taylor), 2011 Bankr. LEXIS 1827 (Bankr. D.N.M. May 5, 2011) concisely explains the impact of BAPCPA on the analysis of whether an obligation is a domestic support obligation as follows:

>   Although the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") changed the language in 11 U.S.C. § 523(a)(5) to apply to "domestic support obligations" as defined in 11 U.S.C. § 101(14A), this change "did not change the standard for whether an obligation is in the nature of support." Stover v. Phegley (In re Phegley), 443 B.R. 154, 157 (8th Cir. BAP 2011). Consequently, it is appropriate to continue to apply the same test for determining whether a debt is in the nature of support that was applicable under 11 U.S.C. § 523(a)(5) prior to the enactment of BAPCPA. A debt is in the nature of support and consequently non-dischargeable under 11 U.S.C. § 523(a)(5) only when it is "in substance support." In re Sampson, 997 F.2d 717, 723 (10th Cir.1993). This determination is made according to federal bankruptcy law, not state law. Loper v. Loper (In re Loper), 329 B.R. 704, 708 (10th Cir.BAP 2005)…The critical question in determining whether a

>   debt is truly in the nature of support is "'the function served by the obligation at the time of the divorce[,]'"which the Court may determine "by considering the relative financial circumstances of the parties at the time of the divorce." Sampson, 997 F.2d at 725-726 (quoting In re Gianakas, 917 F.2d 759, 763 (3d Cir.1990) (citations omitted).

Taylor v. Taylor (In re Taylor), 2011 Bankr. LEXIS at *10-12. By considering the substance of the underlying obligation, as well as the relative financial circumstances of the parties at the time of their divorce, a court "…balances the policy that exceptions to discharge should be construed narrowly to effectuate the fresh start purpose of bankruptcy with the policy underlying 11 U.S.C. § 523(a)(5)." Id. at *15.

V.    **Creditor's Proof of Claim**

A.    **Condominium Fees**

At the outset, the Court notes that it is undisputed that Debtor is obligated to pay certain condominium fees pursuant to the FJOD. Creditor objects, however, to Debtor's proposed reclassification of unpaid condominium fees as non-priority claims, which Creditor asserts are domestic support obligations. In applying the factors set forth above, the Court finds that Creditor has failed to allege any facts from which the Court could determine that such fees are in the nature of support. Absent any factual allegations regarding Creditor's financial condition and needs at the time the obligation on the condominium fees arose, it is impossible to determine that such fees are in the nature of support. Indeed, the limited evidence before the Court suggests that condominium fees are not in the nature of domestic support obligations, as the FJOD specifically addresses such obligations in the portion of the order entitled "Equitable Distribution". See FJOD, p. 5-6.

Moreover, the Court cannot sustain Creditor's assertion that it would be inequitable to discharge the condominium maintenance fees because she is the sole obligor on a judgment

obtained by the condominium association. Although the Court is sensitive to Creditor's current circumstances, the Third Circuit has expressly rejected the view that a debt may be designated a domestic support obligation based on the parties' present needs. See In re Gianakas, 917 F.2d 759, 763 (3d Cir. 1990) (quoting Forsdick v. Turgeon, 812 F.2d 801, 803 (2d Cir.1987)) ("[I]nquiry into present need 'would put federal courts in the position of modifying matrimonial decrees of state courts, thus interfering with the delicate state systems . . .'"). Thus, the Court, on this record, cannot find that payment of unpaid condominium fees are in the nature of domestic support obligations. Accordingly, Debtor's request to reclassify unpaid condominium fees as general unsecured claims is granted.

### B. Post-Petition Interest on Pre-Petition Domestic Support Obligations

The parties do not dispute that Creditor's claims for alimony and child support are in the nature of domestic support obligations and, therefore, are priority debts pursuant to § 507 of the Bankruptcy Code. The issue, however, is whether Creditor, in addition to her claim for domestic support obligations as of the Petition Date, is entitled to post-petition interest on her pre-petition claims.[4] As defined in § 101(14A), the term "domestic support obligation" means:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, *including interest that accrues on that debt as provided under applicable nonbankruptcy law* notwithstanding any other provision of this title, that is . . . owed to or recoverable by . . . a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or . . . a governmental unit . . . (Emphasis added)

11 U.S.C. § 101(14A)(A)(i) and (ii). Accordingly, this Court must look to applicable New Jersey state law to determine the extent of post-petition interest, if any, on Creditor's pre-petition

---

[4] The Court notes that, although §§ 507(a)(1)(A) and 1322(a)(2) permit debtors to pay pre-petition support arrears through a plan, this Court will not confirm a plan unless Debtor is current on post-petition domestic support obligations as required under § 1325(a)(8) and, in fact, may dismiss the Debtor's case pursuant to § 1307(c)(11), on motion by a party in interest, if such post-petition domestic support obligations are not met. Assuming the Debtor's post-petition obligations are current and a plan is confirmed, the Court directs the Creditor, within 30 days of the date of confirmation, to submit an amended proof of claim, with a detailed computation of amounts owed in accordance with this opinion.

claims for alimony and child support. The relevant New Jersey state rule provides, in relevant part, as follows:

> 5:7-5. Failure to Pay; Enforcement by the Court or Party; Income Withholding for Child Support; Suspension and Revocation of Licenses for Failure to Support Dependents; Execution of Assets for Child Support; Child Support Judgments and Post-judgment Interest.
>
> (a) Contempt and Relief in Aid of Litigant's Rights. …For past-due alimony or child support payments that have not been docketed as a civil money judgment with the Clerk of the Superior Court, the court may, on its own motion or on motion by the party bringing the enforcement action, assess a late interest charge against the adverse party at the rate prescribed by Rule 4:42-11(a). For past-due child support payments that have been docketed as a civil money judgment, see paragraph g of this Rule.
>
> (g) Child Support Judgments and Post-judgment Interest. In accordance with N.J.S.A. 2A:17-56.23a, past-due child support payments are a judgment by operation of law on or after the date due and are subject to post-judgment interest at the rates prescribed in Rule 4:42-11 at the time of satisfaction or execution. Past-due child support payable through the Probation Division shall be automatically docketed as civil judgments with the Clerk of the Superior Court on the first day of the month following the date the payment was due. The Probation Division may, with the authorization of a child support judgment creditor, assist that party in calculating post-judgment interest in accordance with Rule 4:42-11 at the time an offer of satisfaction is tendered or an execution of assets is initiated.

N.J. Court Rule 5:7-5(a) and (g).

In light of the foregoing, it is clear that N.J. Court Rule 5:7-5(g), made applicable to Debtor's bankruptcy case by § 101(14A), entitles creditors to post-petition interest on pre-petition child support arrears. See also Leeper v. Pennsylvania Higher Educ. Assistance Agency, 49 F.3d 98, 103 (3d Cir. Pa. 1995) (citing In re Crable, 174 Bankr. 62, 63 (Bankr. W.D. Ky. 1994) (permitting accrual of post-petition interest on nondischargeable debt for child support during pendency of Chapter 13 proceeding and noting that cases involving student loans are analogous); In re Wright, 438 B.R. 550, 551-52 (M.D.N.C. 2010) (holding that interest on past-

due child support is a domestic support obligation). With respect to alimony, however, N.J. Court Rule 5:7-5(a) provides the state court with discretion to award interest on such obligations. Nothing presented to the Court herein suggests that the state court elected to exercise its discretion to assess interest on the Debtor's alimony obligations; this Court declines to do so as well. Thus, the Court finds that Creditor is entitled to the amount of her claim for domestic support obligations as of the Petition Date, including pre- and post-petition interest on child support arrears only, at the appropriate judgment rate.

### VI.    Conclusion

For the foregoing reasons, the Court finds that: (i) the Debtor's obligation to pay condominium maintenance fees shall not constitute a domestic support obligation for purposes of priority under § 507 of the Bankruptcy Code, and (ii) Creditor is entitled to post-petition interest accruing on her claim for pre-petition child support arrears, at the rate provided under the state court rules. The Debtor is directed to submit a proposed form of order consistent with this opinion.

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: August 3, 2011